# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CHAD CRUMBAKER,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Civil Action 2:15-cv-2446
　　　　　　　　　　　　　　　　　　　Judge James L. Graham
　　　　　　　　　　　　　　　　　　　Magistrate Judge Jolson

PARKING SOLUTIONS, INC., et al.,

    Defendants.

## REPORT AND RECOMMENDATION ON
## PROPOSED FINAL ORDER AND JUDGMENT

Plaintiff Chad Crumbaker has moved this Court to grant final approval of the proposed class and collective action settlement and enter final judgment in this action. (Doc. 45). In its Order granting Preliminary Approval of Settlement (Doc. 39), the Court certified classes under Fed. R. Civ. P. 23(b)(3) for settlement purposes. (Doc. 39 at 2). The Court also certified the proposed classes, for settlement purposes, as a collective action under the Fair Labor Standards. (*Id.*). Notice was given to members of the Settlement Class, and a Fairness Hearing was held on August 28, 2017.

Upon Plaintiff's Motion for Final Approval of Settlement (Doc. 45), the accompanying exhibits, and the whole of the record, the Undersigned recommends finding that:

1. Final class certification is appropriate, class counsel is adequate, and Plaintiff Crumbaker is an appropriate class representative.

2. The proposed settlement of the class members' state-law claims is "fair, reasonable, and adequate" to all participants and qualifies for approval pursuant to Fed. R. Civ. P. 23(e).

3. The settlement of the class members' FLSA resolves a clear and actual dispute resolved in an arm's-length negotiation.

4. The service award of $4,000 to Plaintiff Crumbaker is reasonable.

5. The attorneys' fees and expenses award of $111,105, which amounts to 21% of the gross potential settlement value, is fair and reasonable.

6. The class notice was reasonable and appropriate.

Consequently, the Court **RECOMMENDS** fully and finally approving the Settlement Agreement, finally certifying for settlement purposes the settlement class under the FLSA and Ohio law, finally approving the form, content, and distribution of the class notice and claim form, approving the service award to Plaintiff, approving Class Counsel's request for fees and costs, and **DISMISSING** the litigation with prejudice upon completion of administration.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date:  August 29, 2017				/s/ Kimberly A. Jolson
						KIMBERLY A. JOLSON
						UNITED STATES MAGISTRATE JUDGE